ELLIS, Judge.
On July 1, 1957 the defendant entered into a written contract or agreement with the plaintiff to make twenty church pews of ash for the total price of $615.60, of which amount one third, or $205, was to be paid in cash at the time of the signing of *179 the contract and the balance when the pews were finished. The plaintiff paid the $205 at the time of the signing of the contract by Leo P. Edgerson, Clerk of the First Free Mission Baptist Church arid the defendant, Henry I. Randle. It is also undisputed that the contract provided that the defendant should have approximately three months to make these pews.
On the 14th day of January, 1959 suit was filed by the plaintiff in which it alleged the contract, the payment of the cash portion and the fact that the defendant had failed, neglected or refused to construct the church pews, and plaintiff prayed for a recision of the contract and for a judgment against the defendant in the sum of $205, which was the amount paid down in cash, together with interest and costs.
While each and every allegation of plaintiff’s petition was denied by the defendant in his answer, on the trial the contract was admitted, the payment of the cash was admitted, and the fact that he had three months in which to make these pews was admitted, however, his defense was that the wife of the pastor told him not to make these pews.
Judgment was rendered in favor of the plaintiff from which the defendant has perfected this appeal.
The record is devoid of any evidence that would constitute a legal excuse for the defendant’s failure to comply with his written contract. The representatives of the plaintiff did all in their power to get the defendant to complete the pews, even allowing him to substitute plywood instead of ash as called for by the terms of the contract. It was not until approximately four months prior to the filing of the suit that they demanded that the defendant cancel the contract and return their money. A few weeks before the trial of the case the defendant called up one of the members of the church and told him he would rather make the pews than pay the money back, and when this was communicated to the pastor he told the member to tell the defendant that if he would have the benches completed on or before July 15, 1959, which was the date of the trial they would still accept the pews, however, the defendant never furnished them.
This case can best be summed up in the statement made by the pastor when testifying in answer to a question as follows:
“Yes, sir, then he said after winter set in that the glue wouldn’t hold during the winter so we let it go by for that winter, and winter passed, and summer passed and winter passed and summer was about to pass again, and we don’t have the pews, and we would like to have the money.”
The judgment of the district court is correct and is affirmed.